UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BETH DEBOER,                                              Case No.

    Plaintiff,                                          Hon.

vs.

MICHIGAN DEPARTMENT OF
CORRECTIONS,


Defendants.

_____

Hannah R. Fielstra (P82101)
ERNST LAW FIRM, PLC
Attorneys for Plaintiff
645 Griswold, Ste. 4100
Detroit, MI 48226
(313) 965-5555 / (313) 965-5556
hannah@ernstlawplc.com

_____

## COMPLAINT AND JURY DEMAND

    Plaintiff, BETH DEBOER, by and through her attorneys, ERNST LAW

FIRM, PLC, in support of her complaint states as follows:

1.    This is an action by Plaintiff to enforce her civil and employment rights. Plaintiff seeks relief and all damages that flow from Defendant's multiple violations of her rights, privileges, and immunities as secured by Title VII of the Civil Rights Act of 1964 and Michigan's Elliot Larsen Civil Rights Act.

2.    Jurisdiction is conferred by 28 U.S.C. §1331, as to Plaintiff's federal law claims.

3.    The Court has supplemental jurisdiction of Plaintiff's state law claims pursuant to 13 U.S.C. 1367(a).

4.    Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2) as all of the events giving rise to this cause of action occurred in the Western District of Michigan.

## PARTIES

5.    Plaintiff Beth DeBoer is a 46-year old woman who resides in Grand Rapids, Michigan.

6.    Defendant Michigan Department of Corrections (hereinafter "MDOC") is a governmental body of the State of Michigan, created pursuant to the laws of the State of Michigan, which, at all relevant times, employed plaintiff in Ionia, Michigan. The MDOC has been inundated with accusations of sexual harassment and discrimination.

## FACTUAL ALLEGATIONS

7.      Plaintiff, by reference, incorporates the preceding paragraphs as though fully set forth herein.

8.      Plaintiff Beth DeBoer was a corrections officer with the Michigan Department of Corrections for nearly twenty (20) years at the Ionia Correctional Facility.

9.      She frequently worked overtime shifts, particularly when the Department was experiencing severe staff shortages and established herself as a dependable employee.

10.     In approximately August of 2024, she became the subject and target of several rumors around the facility, including that she was "sleeping with" shift command.

11.     Male officers also made several comments to Ms. DeBoer based on her looks. One male officer asked her if she would consider dating him, and an inspector approached Ms. DeBoer about a previous prisoner who was no longer incarcerated and told Ms. DeBoer that he "could be [her] boyfriend," without any prompting, which Ms. DeBoer found inappropriate.

12.     Ms. DeBoer talked to the Warden at the facility, Dale Bonn about the rumors and he recommended she file a discriminatory harassment complaint, so Ms. DeBoer did so.

13.     She sent an email to the Warden, as well as several other administrators

within the Department complaining of the sexual harassment she received, and stating she felt as though she was being targeted and harassed. She iterated that she is a hard-worker who often works overtime and other officers are accommodated over her.

14. After filing a complaint, she became the subject of an investigation related to a prisoner, but was not told why.

15. The investigator was someone Ms. DeBoer had previously filed a discriminatory harassment complaint against, and Ms. DeBoer did not believe she could be impartial toward her.

16. Again, Ms. DeBoer addressed the issue with the Warden, who claimed he did not know what was going on at the time.

17. Ms. DeBoer continued to be the subject of an unfounded investigation.

18. Nothing was done for Ms. DeBoer aside from a recommendation to a harassment counselor.

19. Ms. DeBoer filed a complaint with EEO, after telling Warden Bonn that is what she intended to do.

20. On August 29, 2024, Ms. DeBoer was placed on stop order and could not return to work without being told why.

21. Ms. DeBoer was eventually informed she was being accused of being "overly familiar" with a prisoner and was on stop order for several months before

being terminated in November of 2024.

22.    Male officers at Ms. DeBoer's facility were previously accused of the same thing and were not placed on an indefinite stop order, nor were they terminated.

23.    Ms. DeBoer planned to retire from the MDOC and has years of productive work ahead of her.

24.    She filed a complaint with the EEOC and was issued a Right to Sue Letter on April 6, 2026.

25.    Ms. DeBoer also filed a timely notice of intent to sue with the Michigan Court of Claims.

26.    As a result of Defendant's, actions Plaintiff has suffered, and will continue to suffer, including but not limited to the following:

      a.     Extreme stress;

      b.     Emotional distress;

      c.     Time off work;

      d.     Humiliation;

      e.     Non-economic damages;

      f.     Economic damages;

      g.     All other injuries to be discovered throughout discovery.

## COUNT I
## VIOLATION OF MICHIGAN ELLIOT-LARSEN CIVIL RIGHTS ACT
*Disparate Treatment*

27.    Plaintiff, by reference, incorporates the preceding paragraphs as though fully set forth herein.

28.    At all relevant times, Plaintiff was an "employee" and Defendant was an "employer" within the meaning of Michigan's Elliott-Larsen Civil Rights Act ("ELCRA"), MCL 37.2101, *et seq.*

29.    At all relevant times, under the ELCRA, Plaintiff had a right to employment free from discrimination based on her sex.

30.    Defendant, through their agents, representatives, and employees, was predisposed to discrimination on the basis of sex and acted in accordance with that predisposition.

31.    Defendant, through its agents, representatives, and employees, treated Plaintiff differently from similarly situated male employees in the terms and conditions of employment, on the unlawful basis of sex.

32.    Defendant is vicariously liable for the acts and/or omissions of its agents/employees that caused injury to Plaintiff by virtue of the doctrine of *respondeat superior.*

33.    As a direct and proximate result of Defendants' unlawful actions, Plaintiff has suffered, and continues to suffer, injuries and damages.

## COUNT II
## VIOLATION OF MICHIGAN ELLIOTT-LARSEN CIVIL RIGHTS ACT
### *Hostile Work Environment*

34.    Plaintiff, by reference, incorporates the preceding paragraphs as though fully set forth herein.

35.    At all relevant times, Plaintiff was an "employee" and Defendant was an "employer" within the meaning of Michigan's Elliott-Larsen Civil Rights Act ("ELCRA"), MCL 37.2101, *et seq.*

36.    At all relevant times, under the ELCRA, Plaintiff had a right to employment free from discrimination based on her sex.

37.    Plaintiff was subjected to unwelcome conduct and treatment due to her sex.

38.    The Defendant violated Plaintiff's rights under the ELCRA by allowing the unwelcome conduct to affect a term or condition of employment, including unreasonably interfering with Plaintiff's work environment and performance, and thus creating an intimidating and hostile work environment.

39.    Defendant is vicariously liable for the acts and/or omissions of its agents/employees that caused injury to Plaintiff by virtue of the doctrine of *respondeat superior.*

40.    As a direct and proximate cause of Defendant's unlawful actions, Plaintiff has sustained and continues to sustain injuries and damages.

## COUNT III – VIOLATION OF MICHIGAN'S
## ELLIOT-LARSEN CIVIL RIGHTS ACT
*Retaliation*

41.    Plaintiff, by reference, incorporates the preceding paragraphs of her Complaint as though fully set forth herein.

42.    At all relevant times, Plaintiff was an "employee" and Defendant was an "employer" within the meaning of Michigan's Elliott-Larsen Civil Rights Act ("ELCRA"), MCL 37.2101, *et seq.*

43.    At all relevant times, under the ELCRA, Plaintiff had a right to employment free from discrimination based on her sex.

44.    Plaintiff's act of complaining regarding the discrimination she experienced  was protected activity under the ELCRA.

45.    Defendant retaliated against Plaintiff by refusing to investigate her complaints, targeting Plaintiff in an investigation and ultimately terminating her.

46.    Defendant is vicariously liable for the acts and/or omissions of its agents/employees that caused injury to Plaintiff by virtue of the doctrine of *respondeat superior.*

47.    As a direct and proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer damages and injuries as herein alleged.

## COUNT IV
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 – 42 U.S.C. § 2000e-2
*Retaliation*

8

48.    Plaintiff, by reference, incorporates the preceding paragraphs of her Complaint as though fully set forth herein.

49.    Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* prohibits discrimination and retaliation against any individual with respect to compensation, terms, conditions, or privileges of employment because of such individual's sex.

50.    At all material times, Plaintiff has been an employee of Defendant employer, MDOC, covered by and within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2.

51.    Plaintiff is a woman, in the minority at the MDOC, and a member of a protected class under Title VII of the Civil Rights Act of 1964.

52.    As an employer within the meaning of Title VII of the Civil Rights Act of 1964, Defendant MDOC owed Plaintiff a duty not to discriminate against her with respect to employment, promotional opportunities, compensation, or other conditions or privileges of employment on the basis of Plaintiff's sex.

53.    Because of her sex, Plaintiff was subjected to treatment during her time as an employee for Defendant MDOC that has been disparate compared to male coworkers, who have been treated more favorably than Plaintiff.

54.    As a result of the discrimination on the basis of Plaintiff's sex, Plaintiff was retaliated against after reporting and filing Complaints and was ultimately terminated.

55.    There is no legitimate business reason justifying the discrimination, hostile work environment and retaliation to which Plaintiff has been subjected during her time as an employee for Defendant MDOC.

56.    As a direct and proximate result of Defendant's unlawful actions against Plaintiff described herein, Plaintiff has suffered injuries and damages, including, but not limited to: potential loss of earnings and earning capacity, loss of career opportunities, loss of reputation and esteem in the community, mental and emotional distress, and loss of ordinary life pleasures.

57.    Pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.,* Defendant is liable to Plaintiff for all damages allowed under Federal Law. To the extent that damages allowable and/or recoverable are deemed insufficient to fully compensate Plaintiff and/or to punish or deter the Defendant, this Court must order additional damages to be allowed so as to satisfy any and all such inadequacies. Defendant's conduct was and remains extreme and outrageous, subjecting Defendant to punitive damages.

58.    As a direct and proximate cause of Defendant's unlawful actions, Plaintiff has sustained and continues to sustain injuries and damages.

10

<u>**COUNT V**</u>
<u>**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 – 42 U.S.C. § 2000e-2**</u>
*Disparate Treatment*

59.    Plaintiff, by reference, incorporates the preceding paragraphs of her Complaint as though fully set forth herein.

60.    Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* prohibits discrimination and retaliation against any individual with respect to compensation, terms, conditions, or privileges of employment because of such individual's sex.

61.    At all material times, Plaintiff has been an employee and apprentice of Defendant employer, MDOC, covered by and within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2.

62.    Plaintiff is a woman, in the minority at MDOC and i, and a member of a protected class under Title VII of the Civil Rights Act of 1964.

63.    As an employer within the meaning of Title VII of the Civil Rights Act of 1964, Defendant MDOC owed Plaintiff a duty not to discriminate against her with respect to employment, promotional opportunities, compensation, or other conditions or privileges of employment on the basis of Plaintiff's sex.

64.    Because of her sex, Plaintiff was subjected to treatment during her time as an employee and apprentice for DefendantMDOC that has been disparate compared to male co-workers, who have been treated more favorably than Plaintiff.

11

65. The disparate and less favorable treatment to which Plaintiff has been subjected during the time that she was employed by Defendant MDOC has included adverse employment actions on the basis of Plaintiff's sex.

66. The disparate and less favorable treatment to which Plaintiff has been subjected during the time that they were employed by Defendant MDOC has come from both supervisory personnel and from Plaintiff's co-workers.

67. Defendant MDOC has a policy or pattern of practice that encourages management or supervisory personnel to directly discriminate against minority employees, or that tolerates the disparate and less favorable treatment of minority employees by supervisory personnel and other employees.

68. Defendant MDOC has a policy or pattern of practice that encourages management or supervisory personnel to look the other way or actively encourage disparate and less favorable treatment of minority employees by supervisory personnel and other employees.

69. The disparate treatment to which Plaintiff was subjected while she was employed by Defendant has been so substantially disparate and less favorable than the treatment of male employees that it raises an inference of disparate treatment discrimination.

70. The disparate treatment to which Plaintiff was subjected while employed by Defendant has been so substantially disparate and less favorable than

the treatment of male employees that it unreasonably interfered with Plaintiff's work performance.

71.    There is no legitimate business reason justifying the disparate treatment to which Plaintiff was subjected while she was employed by Defendant.

72.    As a direct and proximate result of Defendant's unlawful actions against Plaintiff described herein, Plaintiff has suffered injuries and damages, including, but not limited to: potential loss of earnings and earning capacity, loss of career opportunities, loss of reputation and esteem in the community, mental and emotional distress, and loss of ordinary life pleasures.

73.    Pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.,* Defendant is liable to Plaintiff for all damages allowed under Federal Law. To the extent that damages allowable and/or recoverable are deemed insufficient to fully compensate Plaintiff and/or to punish or deter the Defendant, this Court must order additional damages to be allowed so as to satisfy any and all such inadequacies. Defendant's conduct was and remains extreme and outrageous subjecting Defendant to punitive damages.

74.    As a direct and proximate cause of Defendant's unlawful actions, Plaintiff has sustained and continue to sustain injuries and damages.

<u>**COUNT VI**</u>
<u>**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 – 42 U.S.C. § 2000e-2**</u>
*Hostile Work Environment*

13

75.    Plaintiff, by reference, incorporates the preceding paragraphs of her Complaint as though fully set forth herein.

76.    Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* prohibits discrimination and retaliation against any individual with respect to compensation, terms, conditions, or privileges of employment because of such individual's sex.

77.    At all material times, Plaintiff has been an employee with Defendant employer, MDOC, covered by and within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2.

78.    Plaintiff is a woman, in the minority at MDOC, and a member of a protected class under Title VII of the Civil Rights Act of 1964.

79.    As an employer within the meaning of Title VII of the Civil Rights Act of 1964, Defendant owed Plaintiff a duty not to discriminate against her with respect to employment, promotional opportunities, compensation, or other conditions or privileges of employment on the basis of Plaintiff's sex.

80.    Because of her sex, Plaintiff was subjected to treatment during her employment and apprenticeship for Defendant that has been disparate compared to male co-workers at the facility to which Plaintiff is assigned, who have been treated more favorably than Plaintiff.

81.    Defendant MDOC, by and through its agents, representatives, and/or employees, was predisposed to discriminate on the basis of sex, and acted in accordance with that predisposition.

82.    While employed by Defendant MDOC, Plaintiff was repeatedly subjected to sex discrimination by Defendant, by and through its agents, servants and/or employees, said acts being made unlawful by Title VII of the Civil Rights Acts of 1964, 42 U.S.C. § 2000e *et seq.*

83.    Defendant failed to provide a work environment free from sex discrimination.

84.    Defendant created a hostile work environment on the basis of Plaintiff's sex.

85.    Defendant MDOC has a policy or pattern of practice that encourages management or supervisory personnel to directly discriminate against minority employees, or that tolerates the disparate and less favorable treatment of minority employees by supervisory personnel and other employees.

86.    Defendant MDOC has a policy or pattern of practice that encourages management or supervisory personnel to look the other way or actively encourage disparate and less favorable treatment of minority employees by supervisory personnel and other employees.

87.    There is no legitimate business reason justifying Defendant's actions, in violation of Title VII, which specifically prohibits discrimination against any person regarding employment and/or the terms of employment on the basis of sex.

88.    Defendant MDOC and its agents, journeymen, servants and/or employees' actions were intentional, with reckless indifference to Plaintiff's rights and sensibilities.

89.    As a direct and proximate result of Defendant MDOC's unlawful actions against Plaintiff described herein, Plaintiff has suffered injuries and damages, including, but not limited to: potential loss of earnings and earning capacity, loss of career opportunities, loss of reputation and esteem in the community, mental and emotional distress, and loss of ordinary life pleasures.

90.    Pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.,* Defendant is liable to Plaintiff for all damages allowed under Federal Law. To the extent that damages allowable and/or recoverable are deemed insufficient to fully compensate Plaintiff and/or to punish or deter the Defendant, this Court must order additional damages to be allowed so as to satisfy any and all such inadequacies. Defendant's conduct was and remains extreme and outrageous subjecting Defendant to punitive damages.

91.    As a direct and proximate cause of Defendant's unlawful actions, Plaintiff has sustained and continues to sustain injuries and damages.

WHEREFORE, Plaintiff BETH DEBOER respectfully requests that this Honorable Court enter a judgment in Plaintiff's favor and against Defendant in an amount that is just and fair, and award costs, interest, and attorney fees as well as punitive, exemplary or hedonic damages or any other damages available under the law.

Respectfully submitted,

*/s/ Hannah R. Fielstra*
HANNAH R. FIELSTRA (P82101)
**Ernst Law Firm, PLC**
Attorneys for Plaintiff
645 Griswold Street, Suite 4100
Detroit, Michigan 48226
(313) 965-5555
hannah@ernstlawplc.com

Dated: June 25, 2026

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BETH DEBOER,                                                    Case No.

    Plaintiff,                                                  Hon.

vs.

MICHIGAN DEPARTMENT OF
CORRECTIONS,


Defendants.

_____

Hannah R. Fielstra (P82101)
ERNST LAW FIRM, PLC
Attorneys for Plaintiff
645 Griswold, Ste. 4100
Detroit, MI 48226
(313) 965-5555 / (313) 965-5556
hannah@ernstlawplc.com

_____

## REQUEST FOR JURY TRIAL

Plaintiff hereby reaffirms his request for a trial by jury in the above-captioned

matter.

            Respectfully submitted,

            */s/ Hannah R. Fielstra*
            HANNAH R. FIELSTRA (P82101)
            **Ernst Law Firm, PLC**
            Attorneys for Plaintiff